**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS PERALTA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ABN AMRO MORTGAGE GROUP, INC. et al.,<br><br>Defendants. | Civil Action No. 2:13-05607 (ES) (JAD)<br><br>REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO REMAND |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon Plaintiffs' motion to remand this action to the Superior Court of the State of New Jersey, Hudson County, Law Division, pursuant to 28 U.S.C. § 1447. (ECF No. 101). The Hon. Esther Salas, U.S.D.J. referred Plaintiffs' motion to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Plaintiffs' motion to remand be **DENIED**.

I.  **BACKGROUND**

   a.  **Factual Background**

Plaintiffs, who are 94 in number, allege fraud and other misconduct in connection with Defendants' mortgage activities. Plaintiffs allege that Defendants collectively "participated in a common plan and scheme involving the origination of loans, servicing of loans and/or acquisition of loans" and "ratified and approved" the actions taken by their co-defendants. (Compl., ECF No. 6-1, ¶¶ 122, 173). Plaintiffs claim that, as part of this alleged scheme, Defendants originated loans using inflated appraisals and lax underwriting standards and then sold those loans to investors. (Id., ¶¶ 122, 150, 167-168). Plaintiffs further allege that Defendants "log[ged] all of their mortgage transfers in a private electronic registry, instead of publicly recording the transfer[s] in the local county clerk's office[s]," enabling Defendants to "avoid local recordation statutes and real estate trade custom," and "transfer, bundle, package and sell mortgages to investors without regard to the valuation of the properties or the lending standards utilized by Defendants." (Id., ¶¶ 125, 152-153). Plaintiffs also contend that Defendants failed to properly utilize funds that they received from the federal government through the Troubled Asset Relief Program ("TARP"), (id.,¶¶ 175-179), which is part of the Emergency Economic Stabilization Act, 12 U.S.C. §§ 5201 et seq. As a result of Defendants' alleged wrongdoing, Plaintiffs claim they have suffered financial loss, and assert nine causes of action against Defendants.

   b.  **Procedural History**

On June 25, 2013, Plaintiffs filed the Complaint in the New Jersey Superior Court, Law Division, Hudson County, against about multiple defendants, seeking monetary damages and injunctive relief for Defendants' alleged fraudulent and otherwise wrongful handling and

2

processing of real estate loans. Plaintiffs allege the following causes of action against each Defendant: (1) Violation of New Jersey Truth in Consumer Contract, Warranty, and Notice Act (N.J.S.A. § 56:12-14, et seq.); (2) Intentional Misrepresentation; (3) Negligent Misrepresentation; (4) Negligence; (5) Slander of Title; (6) Ejectment for Wrongful Possession of Claim of Land Pursuant to N.J.S.A. § 2A:35-1, et seq.; (7) Breach of Contract – Constructive Fraud; (8) Civil Conspiracy/ Member Liability in Joint Enterprise; and (9) Unjust Enrichment. (Compl., ECF No. 6-1, ¶¶ 186-229).

Of particular importance in the context of this motion, Plaintiffs made several explicit allegations concerning Defendants violations of their obligations under both TARP and the Home Affordable Modification Program, 12 U.S.C. § 5219, et seq. ("HAMP"). For instance, the Complaint states, in pertinent part:

> 2. ...This lawsuit arises from, without limitations, among other wrongful acts and/or omissions:
>
> 2(d). ...Defendants' failure to perform their obligations required upon their acceptance of TARP funds, pursuant to written agreements, and for which the Plaintiffs' were third party beneficiaries. (Compl., ECF No. 6-1, ¶ 2(d)).

On September 20, 2013, Defendant Bank of America, N.A. filed a Notice of Removal from the New Jersey Superior Court.[1] Bank of America asserted that its removal was appropriate because the District Court enjoyed federal question subject matter jurisdiction over the matter based on Plaintiffs' allegations that Defendants violated obligations imposed by two federal statutes: TARP and HAMP. (Notice of Removal, ECF No. 6, ¶ 5).

On October 19, 2013, Plaintiffs moved to remand this action, (Mot. to Remand, EFC No. 101), arguing that the Court lacks subject matter jurisdiction. Specifically, Plaintiffs contend that

---

[1] The other then-served Defendants subsequently joined in or consented to that removal. Plaintiffs do not suggest that any then-served Defendants failed to join in or consent to the removal or that those Defendants' joinder/consent was untimely.

their "Complaint asserts no federal claims and presents no federal question." (Id., ¶ 37).[2] Defendants argue that their removal was proper because "Plaintiffs' Complaint invokes federal statutes and directly implicates federal issues through their TARP and HAMP allegations." (Defs.' Br., ECF No. 116, at 9). While Plaintiffs generally claim that the entirety of their lawsuit "arises from", at least in part, Defendants' alleged violations of TARP and HAMP, (Compl., ECF No. 6-1, ¶2(d) – (e)), Plaintiffs explicitly identify those violations as the basis for their seventh cause of action. (Id. at ¶ 221-227).

This Court must therefore first resolve whether Plaintiffs' seventh cause of action, alleging that they were third-party beneficiaries of various government contracts (involving Defendants' acceptance of funds pursuant to TARP and/or HAMP) and that they were harmed by Defendants' failure to comply with certain statutorily imposed obligations, (id., ¶¶ 2(d)-(e), 221-27), is sufficient to establish federal question subject matter jurisdiction. If so, this Court must then consider whether it would be appropriate to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

---

[2] In their Motion to Remand, Plaintiffs raise several additional arguments that bear no relationship to Defendant Bank of America's stated grounds for removal (i.e., that federal question subject matter jurisdiction is appropriate given Plaintiffs' allegations regarding TARP and HAMP). First, Plaintiffs argue that removal is not available under 12 U.S.C. § 1819 because the FDIC is not a party to this action. (Mot. to Remand, ECF No. 101, ¶¶ 38-41). Second, Plaintiffs argue that federal preemption, when raised as a defense, is not sufficient to confer federal question jurisdiction. (Id., ¶¶ 42-44). Third, Plaintiffs argue that removal is not appropriate under the Class Action Fairness Act ("CAFA") because there are fewer than 100 Plaintiffs involved in this matter. (Id., ¶¶ 45-68). As these arguments have nothing to do with Bank of America's removal, and appear to have been included by virtue of the fact that Plaintiffs "recycled" a brief submitted in another action, the Court will not address them here.

4

## II. LEGAL STANDARD – REMOVAL AND REMAND

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447.

The party seeking removal bears the burden of demonstrating that removal is proper. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)). When ruling on whether an action should be remanded to the state court from which it was removed, a district court must focus on the operative complaint at the time the petition for removal was filed. Group Hospitalization & Med. Servs. v. Merck-Medco Managed Care, LLP., 295 F. Supp. 2d 457, 461-462 (D.N.J. 2003). It remains the defendant's burden to show the existence and continuance of federal jurisdiction. See Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985); see also 14A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3739.

### a. Federal Question Jurisdiction

Federal question subject matter jurisdiction applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

5

question of federal law." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28 (1983). That is, in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues or "turn on substantial questions of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manufacturing, 545 U.S. 308, 312 (2005). In such cases, the question of whether federal question jurisdiction exists depends on "whether the state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 308.

### III. ANALYSIS

#### a. Propriety of subject matter jurisdiction over Plaintiffs' claims

As noted above, Defendant Bank of America removed this matter to the United States District Court on the basis of federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1441(b). Bank of America expressly relied upon Plaintiffs' allegations regarding Defendants' violations of TARP and HAMP as the basis for removal. (Not. of Removal, ECF No. 6, ¶¶ 5-9). While Plaintiffs now contend that removal was inappropriate, they all but ignore the sole stated basis for removal. Indeed, Plaintiffs only mention TARP/HAMP in passing in their introductory statement, (Pl. Br., ECF No. 101, at 2) ("Defendants' sole argument pertains to the Seventh Cause of Action for breach of contract, which mentions two Federal programs, [TARP] and [HAMP], as part of an alternative theory of liability"), but make no effort to explain why a removal based on Defendants' alleged violations of those statutes might be inappropriate.

In opposing remand, Defendants argue, among other things, that federal question jurisdiction exists and that removal was therefore appropriate because Plaintiffs' allege that Defendants breached certain contracts (of which Plaintiffs were third-party beneficiaries) that

were expressly governed by and construed under federal law (i.e., TARP and HAMP). (Def. Br., ECF No. 116, at 6-12). Specifically, in its Notice of Removal, Bank of America noted that, in order to obtain complete relief on their breach of contract/constructive fraud claims, Plaintiffs must show that Defendants had contracts with the federal government under which Defendants were required to take certain actions as a condition of receiving federal TARP funds and that Defendants breached their obligations. (Not. of Removal, ECF No. 6, ¶ 9). A review of Plaintiffs Complaint bears this out. For instance, Plaintiffs expressly allege that "Defendants' acceptance of TARP money created an obligation to modify loans outstanding on Plaintiffs' real estate and to otherwise use the TARP funds for the benefit of ... the Plaintiffs." (Compl., ECF No. 6-1, ¶ 224). Plaintiffs further allege their "lawsuit arises from" various "wrongful acts and/or omissions" including "Defendants' failure to perform their obligations required upon the acceptance of TARP funds, pursuant to written agreements, and for which the Plaintiffs were third party beneficiaries." (Id., ¶2(d)).

This Court is inclined to agree with Defendants and finds that whether Plaintiffs have standing to sue as third-party beneficiaries of the TARP/HAMP-based agreements and whether, as Plaintiffs request, the notes and mortgages of Plaintiffs held or serviced by Defendants should be extinguished, (Id. at 73), both raise substantial questions of federal law and are properly before this Court. See Larsen v. Bank of Am., N.A., No. 11-1775 (MJD/JSM), 2011 U.S. Dist. LEXIS 151403, *26-27 (D. Minn. July 21, 2011) (denying a motion to remand and finding that "whether plaintiffs have standing to sue as third party beneficiaries of TARP agreements, and whether the TARP funds disbursed to lenders discharged plaintiffs' obligations under their notes raise substantial questions of federal law with national implications"). Multiple District Courts have reached the same conclusion under similar circumstances. See Baltazar v. Premium Capital

Funding, No. 11-cv-630, 2011 U.S. Dist. LEXIS 96275, *4-5 (D. Utah Aug. 26, 2011) (denying a motion to remand and noting that because the plaintiffs' "breach of contract claim appears to allege that Plaintiffs are third-party beneficiaries of a [HAMP-related] contract entered into between Defendant banks and the federal government... Plaintiffs' Complaint presents a federal question that was properly subject to removal"); Copeland-Turner v. Wells Fargo Bank, N.A., No. 11-cv-37-HZ, 2011 U.S. Dist. LEXIS 28093, *23 (D. Or. Mar. 17, 2011) (denying motion to remand after finding that allegations that plaintiffs were third-party beneficiaries of a contract entered into between defendant banks and the federal government were sufficient to establish federal question jurisdiction).

Here, Plaintiffs have alleged that: (1) Defendants entered into TARP/HAMP related contracts with the federal government, and that Plaintiffs were third-party beneficiaries under those contracts; (2) in exchange for Defendants' receipt of federal funds, Defendants were required to undertake certain actions (i.e., modify loans on Plaintiffs' real estate and otherwise use the federal funds for Plaintiffs' benefit); and (3) Defendants failed to satisfy those obligations. (Compl., ECF No. 6-1, ¶¶ 2(d), 224). Like the courts in Larsen, Baltazar and Copeland-Turner, this Court finds that Plaintiffs allegations are sufficient to establish federal question subject matter jurisdiction, at least with regard to Plaintiffs' seventh cause of action.

### b. Supplemental Jurisdiction

If a court has federal question jurisdiction over some of the claims at issue, the Court may also exercise supplemental jurisdiction over the state-law aspects of a plaintiff's claims, pursuant to 28 U.S.C. § 1367, if such claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). If, however, no valid federal claim is asserted, then

8

exercising supplemental jurisdiction (though permissible) would be improper, for "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also 28 U.S.C. § 1367(c)(3).

Because this Court finds that the breach of contract/constructive fraud claim set forth in Plaintiff's seventh cause of action arises under federal law, this Court has original jurisdiction over this matter under 28 U.S.C. § 1441, and may exercise supplemental jurisdiction over Plaintiffs' related claims. Indeed, Plaintiffs explicitly state that their lawsuit arises in part from Defendants' violation of "obligations required upon their acceptance of TARP funds." (Compl., ECF No. 6-1, ¶ 2d). Moreover, Plaintiffs expressly incorporate their contentions regarding Defendants' alleged violations of federal law into each of their causes of action. The Court finds that this is a sufficient basis upon which to exercise supplemental jurisdiction over Plaintiffs' state law claims.

## IV. CONCLUSION

It is the recommendation of this Court that Plaintiffs' motion to remand, (ECF No. 10), be **denied**, pursuant to 28 U.S.C. § 1447.

JOSEPH A. DICKSON, U.S.M.J.

cc. Honorable Esther Salas, U.S.D.J.

9