NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS PERALTA, et al., : | |
| : | |
| Plaintiffs, : | Civil Action No. 13-5607 (ES)(JAD) |
| : | |
| v.         : | MEMORANDUM OPINION |
| : | & ORDER |
| ABN AMRO MORTGAGE GROUP, : | |
| INC., et al., : | |
| Defendants.   : | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Hudson County. (D.E. No. 101). This Court referred Plaintiffs' motion to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). On January 13, 2014, Magistrate Judge Dickson issued a Report and Recommendation (the "R & R") that the undersigned deny Plaintiffs' motion. (D.E. No. 145). The parties had fourteen days to file and serve any objections to the R & R pursuant to Local Civil Rule 72.1(c)(2). On January 27, 2014, Plaintiffs filed an objection to the R & R. (D.E. No. 150 ("Plaintiffs' Objection")).[1] For the reasons set forth below, the Court ADOPTS Magistrate Judge Dickson's R & R and DENIES Plaintiffs' motion to remand.

The Court provides the background of this action in summary fashion because Judge Dickson provided the relevant factual and procedural background in the R & R. (*See* D.E. No.

---

[1] The Clerk of Court indicated that Plaintiffs improperly classified their objection, (D.E. No. 150), on the Court's ECF System as a "Response" instead of an "Objection to Report & Recommendation." (*See* D.E. dated January 28, 2014). On January 29, 2014, Defendants properly re-filed and classified their objection. (D.E. No. 151). Both submissions are, however, the same. The Court accordingly accepts Plaintiffs' first submission, (D.E. No. 150), as their objection to the R & R.

D.E. No. 145).  On June 25, 2013, Plaintiffs filed a complaint in state court.  (D.E. No. 6-1, Ex. A ("Compl.")).  Notably, Plaintiffs alleged that their action arises from various "wrongful acts and/or omissions," including "Defendants' failure to perform their obligations required upon their acceptance of TARP funds, pursuant to written agreements, and for which the Plaintiffs' [sic] were third party beneficiaries."  (Compl. ¶ 2(d)).[2]

And, in Count VII of their complaint, Plaintiffs assert a "breach of contract / constructive fraud" claim under which they allege that "Defendants' acceptance of TARP money created an obligation to modify loans outstanding on Plaintiffs' real estate and to otherwise use the TARP funds for the benefit of, among others, the Plaintiffs herein" and that "certain Plaintiffs pursued and/or entered, in good faith, into contracts with certain Defendants to modify their loans by participating in the taxpayer subsidized Home Affordable Modification Program (HAMP)."  (*Id.* ¶¶ 224-25).

On September 20, 2013, Defendants removed Plaintiffs' action to this Court, asserting that removal was proper under federal question jurisdiction.  (D.E. No. 6 ¶¶ 8-9).  Plaintiffs, however, moved to remand, arguing that the Court lacked subject matter jurisdiction.  (*See* D.E. No. 101).  In the R & R, Judge Dickson disagreed with Plaintiffs, "find[ing] that whether Plaintiffs have standing to sue as third-party beneficiaries of the TARP/HAMP-based agreements and whether, as Plaintiffs request, the notes and mortgages of Plaintiffs held or serviced by Defendants should be extinguished . . . both raise substantial questions of federal law and are properly before this Court."  (D.E. No. 145 at 7 (internal citation omitted)).  Judge Dickson also

---

[2] As Plaintiffs allege, "TARP" is an acronym for the "Troubled Asset Relief Program," (Compl. ¶ 175)—which the Court notes is established under 12 U.S.C. § 5211.  *See* 12 U.S.C. § 5202(8) ("The term 'TARP' means the Troubled Asset Relief Program established under section 5211 of this title.").

found that there is a "sufficient basis upon which to exercise supplemental jurisdiction over Plaintiffs' state law claims." (*Id.* at 9).

"When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)).

Plaintiffs' objection to the R & R essentially boils down to one proposition: they are willing to withdraw Count VII. (*See* Plaintiffs' Objection at 2-3). Specifically, Plaintiffs propose that they "are prepared and willing to dismiss that Count if the Court will remand the entire case back to the State Court." (*Id.* at 2). Plaintiffs further contend that the "only basis for retaining the case in Federal Court is the assertion that there were violations of some Federal Statutes, as alleged in Count 7" and that, "because Plaintiffs would agree to dismiss that Count upon Remand, there no longer exists any basis for the case to remain in [F]ederal Court." (*Id.* at 3). Plaintiffs assert that, "[o]nce Count 7 is eliminated, the basis for jurisdiction in Federal Court is also eliminated." (*Id.*).

Thus, Plaintiffs do not contest that their complaint, in its current form, implicates federal question subject matter jurisdiction. Instead, Plaintiffs seem to proffer withdrawing their federal cause of action in an effort to prosecute their action in state court.

But Plaintiffs' proposal—i.e., that the Court remand this matter and *then* Plaintiffs would withdraw any federal cause of action—is untenable. As such, Plaintiffs fail to set forth how the operative complaint in this action lacks a basis for federal question subject matter jurisdiction.

3

And, to be sure, Plaintiffs have not sought to amend their complaint or move for voluntary dismissal of any of their claims.

The Court has reviewed Plaintiffs' objection and Magistrate Judge Dickson's R & R, and for the reasons stated above and in Judge Dickson's R & R,

**IT IS** on this 24th day of April 2014,

**ORDERED** that this Court hereby ADOPTS Magistrate Judge Dickson's Report and Recommendation, (D.E. No. 145), in full; and it is further

**ORDERED** that Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Hudson County, (D.E. No. 101), is DENIED.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**