<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS PERALTA, et al., | Civil Action No.: 13-5607 (MCA) (JAD) |
| Plaintiffs, | |
| v. | ORDER / REPORT & RECOMMENDATION |
| ABN AMRO MORTGAGE GROUP, INC., et al., | |
| Defendants, | |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before the Court sua sponte regarding certain Plaintiffs' failure to comply with this Court's February 17, 2015 Order. (ECF No. 184). For the reasons set forth below, and as discussed on the record during the March 27, 2015 conference in this matter, this Court respectfully recommends that those Plaintiffs' claims be dismissed, <u>without prejudice</u>, for lack of prosecution. This Court further respectfully recommends that, to the extent certain other Plaintiffs fail to comply with the Orders contained herein, those Plaintiffs' claims should likewise be dismissed, <u>without prejudice</u>, for lack of prosecution.

## I.    <u>RELEVANT BACKGROUND</u>

The Resolution Law Group, P.C. commenced this matter by filing a Complaint in the New Jersey Superior Court, Law Division, Hudson County, on behalf of 93 individual Plaintiffs. (Compl., ECF No. 6-1). Plaintiffs allege that Defendants collectively "participated in a common plan and scheme involving the origination of loans, servicing of loans and /or acquisition of loans" and "ratified and approved" the actions taken by their co-defendants. (Compl., ECF No. 6-1, ¶¶ 122, 173). Plaintiffs claim that, as part of this alleged scheme, Defendants originated loans using

inflated appraisals and lax underwriting standards and then sold those loans to investors.  (Id., ¶¶ 122, 150, 167-168).  Plaintiffs further allege that Defendants "log[ged] all of their mortgage transfers in a private electronic registry, instead of publicly recording the transfer[s] in the local county clerk's office[s]," enabling Defendants to "avoid local recordation statutes and real estate trade custom," and "transfer, bundle, package and sell mortgages to investors without regard to the valuation of the properties or the lending standards utilized by Defendants." (Id., ¶¶ 125, 152-153).  Plaintiffs also contend that Defendants failed to properly utilize funds that they received from the federal government through the Troubled Asset Relief Program ("TARP"), (id.,¶¶ 175-179), which is part of the Emergency Economic Stabilization Act, 12 U.S.C. §§ 5201 et seq.  As a result of Defendants' alleged wrongdoing, Plaintiffs claim they have suffered financial loss, and assert nine causes of action against Defendants.

On September 20, 2013, Defendant Bank of America, N.A. filed a Notice of Removal from the New Jersey Superior Court.[1]  Bank of America asserted that its removal was appropriate because the District Court enjoyed federal question subject matter jurisdiction over the matter based on Plaintiffs' allegations that Defendants violated obligations imposed by two federal statutes:  TARP and the Home Affordable Modification Program, 12 U.S.C. § 5219, et seq. ("HAMP").  (Notice of Removal, ECF No. 6, ¶ 5).  On October 19, 2013, Plaintiffs filed a motion to remand.  (ECF No. 101).  Defendants submitted a joint opposition to Plaintiffs' motion to remand.  (ECF No. 116).  This Court subsequently entered a Report and Recommendation recommending that the District Court deny Plaintiffs' motion to remand.  (ECF No 145).  By Order dated April 24, 2014, the Hon. Esther Salas, U.S.D.J. adopted this Court's Report and Recommendation and denied Plaintiffs' motion to remand.  (ECF No. 164).

---

[1] The other then-served Defendants subsequently joined in or consented to that removal.

By Order dated October 18, 2013, this Court set forth a briefing schedule regarding Defendants' anticipated omnibus motion to dismiss.  (ECF No. 102).  On January 16, 2014, Defendants filed that motion, in accordance with this Court's October 18, 2013 Order.  (ECF No. 148).  While Defendants' motion was pending, the Court received notification that the United States District Court for the Middle District of Florida had, among other things, enjoined Plaintiffs' former counsel, the Resolution Law Group, from continuing to prosecute mass-joinder actions such as this case.  The Middle District of Florida also appointed a Receiver for the Resolution Law Group, who, at that court's direction, "request[ed] a stay of these proceedings for a sufficient period of time to permit the Plaintiffs to make arrangements for counsel to represent them."  (See Receiver's Report, ECF No. 173-1, at 3).  This Court then informally stayed the case temporarily, assuming from the content of the Receiver's correspondence that the Resolution Law Group's clients had been apprised of the situation and advised to seek alternative representation.  By Letter Order dated September 23, 2014, Judge Salas administratively terminated Defendants' motion to dismiss, noting that "Defendants may refile their motion after the issues concerning plaintiffs' counsel are resolved."  (ECF No. 177).

Having heard nothing for several months from either the Receiver or the individual Plaintiffs regarding their efforts to find new counsel, this Court Ordered Plaintiffs' local counsel of record, Jeanne Lahiff, Esq., to provide the Court with "contact information and last known addresses for **each** of the Plaintiffs" in this case.  (ECF No. 181).  Ms. Lahiff complied with that directive by letter dated January 8, 2015, in which she advised that "the last known addresses of the plaintiffs in this action are listed in the Complaint."  (ECF No. 182).  Ms. Lahiff also provided a list of Plaintiffs' telephone numbers and e-mail addresses.  (ECF No. 182-1)

By Letter Order dated February 17, 2015, which the Court sent to all Plaintiffs via both regular and certified mail, the Court formally struck The Resolution Law Group as Plaintiffs' counsel of record, "strongly" recommended that Plaintiffs retain replacement counsel, and scheduled a mandatory in-person conference for March 27, 2015.  (ECF No. 184 at 1).  The Court's Order specified that "[e]ither you or your new counsel **must** attend that hearing", (id. at 1-2) (emphasis in original), and clearly warned that "[i]f either you or your attorney do not appear at the conference, the Court will consider the imposition of sanctions, including dismissal of your claims."  (Id. at 2).  The Court also directed that "in instances in which both a husband and wife are named as Plaintiffs, **both** must either attend the conference in person (i.e., one spouse may not speak for the other in Court) or have an attorney represent them at the conference."  (Id. at 2, n.1) (emphasis in original).

The Court's records reflect that, of the 93 Plaintiffs named in the Complaint, only the following attended the March 27, 2015 conference: (1) Thomas Barry; (2) Maureen Barry; (3) Frances Della Monica; (4) Milton Ellis; (5) Sherry Ellis; (6) Jennette James; (7) Chris Jones; (8) Yolanda Jones; (9) Benny Joseph; (10) Jerome Keubeng; (11) Carl Mazzella; (12) Karma Tharchin; and (13) Karen Williams.[2]  Additionally, the following Plaintiffs wrote to the Court to describe the various reasons as to why they were unable to attend the conference:  (1) Linda and Kelvin Williams; (2) Sewnarain Kallica; (3) Delvin Sweeney and (4) John Brown.  Plaintiffs Patricia and George Cunningham called the Chambers of the undersigned during the conference and explained their mistaken belief that the Court was conducting the conference telephonically. The following Plaintiffs made submissions to the Court indicating that they wished to dismiss their

---

[2] It appears that Ms. Williams accidentally used the sign-in sheet for another case:  Civil Action No. 14-2978 (Steltz, et al. v. Bank of America, N.A.).

4

claims voluntarily:   (1) Tyran Mincey; (2) Michael Peiffer; (3) Paul and Toni Schwahn; (4) William Webb; (5) Jennette James and (6) Jerome Keubeng.[3]  As no Defendant has filed either an answer or a motion for summary judgment in this matter, the Court considers these filings to be notices of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)A)(i).  See, e.g., Williams v. Sullivan, 506 F. App'x 156, 160 (3d Cir. 2012) (noting the Court's obligation to construe pro se submissions liberally).  Finally, the Court notes that Plaintiff Stephen Antonacci previously dismissed his claims voluntarily, and is therefore no longer a party to this action.  (ECF No. 178).  The Court's records do not reveal that the remaining sixty-seven (67) Plaintiffs made any effort to comply with the terms of the February 17, 2015 Order.[4]

## II.   LEGAL DISCUSSION

This Court now finds itself in the unenviable position of having to manage the procedural fallout created by Plaintiffs' former counsel's forced departure from the mass-joinder action that they created.  The Court scheduled the March 27, 2015 conference as a means to bring the parties together to discuss the status of the case and necessary next steps, educate Plaintiffs regarding their responsibilities as litigants, and set a schedule intended to move this litigation forward at a reasonable pace.  Given the large number of pro se plaintiffs involved in this case, effective case management is difficult under even the best of circumstances.  Where, as here, more than two-thirds of the named Plaintiffs appear to have simply ignored the Court's directives, case management becomes nearly impossible.

---

[3] Following the March 27, 2015 conference, Plaintiff Louis Cannarella submitted a stipulation of dismissal, without prejudice, which the Hon. Madeline C Arleo, U.S.D.J. "So Ordered" on April 8, 2015.  (ECF No. 209).

[4] The record does reflect, however, that by letter dated April 8, 2015, Plaintiff Mark Wilkerson, advised that "very much want[ed] to continue with [his] case" and asked for the Court's leave to do so.  (ECF No 213).

As noted above, the Court contemporaneously sent copies of its February 17, 2015 Letter Order to all named Plaintiffs by both regular and certified mail, using the last-known addresses provided by their former counsel.  (See ECF No. 184).  The United States Court of Appeals for the Third Circuit has recognized that "[o]rdinary mail that is properly sent is presumed to be received by the addressee." Patil v. Attorney General of the United States, 326 F. App'x 667, 669 (3d Cir. 2009) (internal citation omitted).  "[A]n individual may rebut that presumption by producing sufficient contrary evidence, such as a sworn affidavit support by circumstantial evidence corroborating the claim of non-receipt." Id.  In this case, of all of the copies that the Court sent out by ordinary mail more than two months ago, only a handful were returned. Specifically, the Post Office returned the mailings sent to Plaintiffs Jaquer Neto, Kenneth Sanders, Shailendra and Anita Sharma, Katrina Smith, Dorian King and Jonathan Estoque as "undeliverable."  The remaining Plaintiffs are presumed to have received the Court's February 17, 2015 Order.

### a.     Instances In Which Copies of the Court's February 17, 2015 Order Sent by Regular Mail Were Returned

With regard to the Plaintiffs whose copies of the February 17, 2015 Order were returned as undeliverable, the Court notes that it attempted to contact those parties using the only addresses that those Plaintiffs' former counsel had on file.  (See ECF No. 182).  The Court further notes that Local Civil Rule 10.1(a) actually "creates an affirmative duty for litigants to inform the court of any change in their address within seven days of said change." Archie v. Dep't of Corr., No. 12-2466 (RBK), 2015 U.S. Dist. LEXIS 7783, *3 (D.N.J. Jan. 23, 2015); see also L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk.").  "Courts in this district have held that dismissing a plaintiff's complaint is an

appropriate remedy for failing to comply with the Rule." <u>Archie</u>, 2015 U.S. Dist. LEXIS 7783 at

*3-4 (collecting cases).  The United States Court of Appeals for the Third Circuit has likewise

found that dismissal is an appropriate sanction where a plaintiff has not provided the Court with

an accurate mailing address.  See <u>McLaren v. N.J.State Dept. of Educ.</u>, 462 F. App'x 148, 149 (3d

Cir. 2012) ("[Although courts are normally required to consider whether a lesser sanction would

be appropriate, '[t]he district court could not contact [the plaintiff] to threaten [her] with some

lesser sanction.  An order to show cause why dismissal was not warranted or an order imposing

sanctions would only find itself taking a round trip tour through the United States mail.'  Therefore,

we conclude that the District Court did not abuse its discretion in dismissing the case as a sanction

for McLaren's failure to provide the Court with an accurate mailing address.") (internal citation

omitted).

The Court notes that it is in a somewhat unique position, as Plaintiffs' former counsel

provided the Court with a list of Plaintiffs' e-mail addresses in addition to those Plaintiffs' last-

known addresses.  In reality, counsel provided the court with what amounts to a data dump of

information for over 800 individuals (despite the fact that there are only 93 named Plaintiffs in this

case).  (See ECF No. 182-1).  The list, apparently a spreadsheet that has been saved in .pdf format,

consists of 18 pages of names followed by 18 pages of e-mail addresses, thereby making it a

difficult to determine which e-mail address belongs to each plaintiff.  In the interests of justice, the

Court's staff has spent an inordinate amount of time reviewing that list in an attempt to locate e-

mail addresses for the Plaintiffs, noted above, to whom the Court was unable to provide notice of

its February 17, 2015 Order by regular mail.  The Court will therefore attempt to send copies of

this Order / Report and Recommendation to the following Plaintiffs, at what appears (based on the

Court's best efforts) to be their appropriate e-mail addresses:    (1) Jaquer Neto

(rpgcleaning@hotmail.com); (2) Kenneth Sanders (sandersrepair@aol.com), (3 and 4) Shailendra and Anita Sharma (listed together at shailsharma@bww.com); (5 and 6) Katrina Smith and Dorian King (listed together at dorianking223@gmail.com); and (7) Jonathan Estoque (jonathan.estoque@navy.mil).

The Court respectfully recommends that, if those Plaintiffs do not timely respond to this Report and Recommendation and provide (1) notice of whether they intend to move forward with this lawsuit; (2) notice of their current mailing address; and (3) notice of which bank(s) they are suing in this lawsuit (a requirement imposed upon all Plaintiffs who attended the March 27, 2015 conference), those Plaintiffs' claims should be dismissed without prejudice, as the Court will have truly exhausted all avenues of attempting to secure their participation in this case. At that point, the spirit of the Third Circuit's decision in <u>McLaren</u>, 462 F. App'x 149, will strongly favor dismissal.

   **b.     All Plaintiffs Who Are Presumed to Have Received a Copy of the February 17, 2015 Letter Order and Who Did Not Attend the March 27, 2015 Conference or Otherwise Contact the Court Regarding Their Nonattendance**

For the balance of the Plaintiffs in this matter (i.e., those Plaintiffs, other than the seven expressly discussed in Section II(a), above, who did not attend the March 27, 2015 conference or contact the Court regarding their intentions in this matter), this Court finds that the only viable course of action is to dismiss their claims without prejudice pursuant to Federal Rule of Civil Procedure 41(b). In short, the Court finds that those Plaintiffs' failure to participate in this action makes adjudication of their claims impossible and, in such circumstances, "[a] District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." <u>See</u> <u>Shipman v Delaware</u>, 381 F. App'x 162, 164 (3d Cir. 2010); <u>Parks v. Ingersoll-Rand Co.</u>, 380 F. App'x 190, 195-96 (3d Cir. 2010)

(noting the United States Supreme Court has held that Fed. R. Civ. P. 41(b) allows for sua sponte dismissals in the context of a failure to prosecute).

A District Court may dismiss a case for failure to prosecute under Rule 41(b) where a balance of the following factors weighs in favor of dismissal: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).  With regard to the "personal responsibility" factor, the Court notes that, as it sent copies of its February 17, 2015 Order directly to these pro se Plaintiffs, they bear full responsibility for their failure to attend the March 27, 2015 conference in this matter.  The Court further finds that Plaintiffs' failure to participate in this action will greatly prejudice Defendants, which will be unable to conduct any discovery necessary to defend against Plaintiffs' claims.  The Court does not find that Plaintiffs have a history of dilatoriness, or that Plaintiffs have acted in bad faith.  The Court does find, however, that given the fact that these Plaintiffs have already disregarded the Court's warning that it would "consider the imposition of sanctions, including the dismissal of [their] claims" if they failed to attend the March 27, 2015 conference, (Feb. 17, 2015 Letter Order, ECF No. 184, at 2), they would likely also ignore any sanction short of dismissal, thereby leading to additional delay, prejudice to Defendants and waste of judicial resources.  The Court will assume, for the purposes of this motion only, that the Plaintiffs' claims have some legal merit.  On balance, the Court finds that the Poulis factors weigh in favor of dismissal.  Moreover, the Court notes that, because Plaintiffs' failure to participate in this case makes adjudication of their claims impossible, the

District Court would have authority to dismiss those claims without even conducting a <u>Poulis</u> analysis.  <u>See</u> <u>Shippman</u>, 381 F. App'x at 16 ("But when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary.") (citations omitted).  In any event, this Court sees no practical alternative to dismissal of these Plaintiffs' claims.  Given the unique circumstances of this case, however, this Court respectfully recommends that any such dismissal be <u>without prejudice</u>.

        **c.**      **Plaintiffs Who Attended the March 27, 2015 Conference**
                    **But Failed To Comply With the Court's Directives**

Finally, the Court must address the subgroup of Plaintiffs who attended the March 27, 2015 status conference, but failed to comply with the instructions that the Court issued during that proceeding.  Specifically, the Court directed all Plaintiffs who wished to continue litigating this matter to submit letters setting forth which banks they were suing.  This information is critical for a number of reasons.  For instance, Plaintiffs have named, by the Court's count, forty-one different banks as defendants and it is unclear which of those entities should remain in this case (i.e., the Complaint is not always clear regarding which banks each Plaintiff is suing) or if different banks should potentially be added via amendment.  In a related issue, the Court will likely have to revisit whether the District Court has subject matter jurisdiction over this case.  Before either the parties or the Court can conduct a meaningful subject matter jurisdiction analysis, they will need to know which defendants should legitimately remain in this case (i.e., for the purposes of conducting a diversity jurisdiction analysis).

Despite the Court's clear directive, only <u>five</u> of the thirteen Plaintiffs who attended the March 27, 2015 conference complied.  Specifically, Plaintiffs Jennette James and Jerome Keubeng wrote letters advising that they no longer wished to proceed with their claims.  (ECF Nos. 207 and 212)  Additionally, Plaintiffs Milton and Sherry Ellis wrote to inform the Court that they were

seeking relief against Wells Fargo, (ECF No. 210), while Plaintiff Carl Mazzella advised that his claims pertained to multiple banks. (ECF No. 191). The following Plaintiffs failed to submit the required information: (1) Thomas Barry; (2) Maureen Barry; (3) Frances Della Monica; (4) Chris Jones; (5) Yolanda Jones; (6) Benny Joseph; (7) Karma Tharchin; and (8) Karen Williams. As the information the Court seeks is necessary to resolve the fundamental issues noted above (i.e., who the defendants are and whether the Court continues to have subject matter jurisdiction), Plaintiffs' failure to provide it makes it all but impossible for the Court to move this matter forward.[5] The Court will therefore order these Plaintiffs to submit this information by a date certain and recommend that the District Court dismiss their claims without prejudice in the event they fail to provide it. See Shippman, 381 F. App'x at 16 ("[W]hen a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary.") (citations omitted).

### III.    CONCLUSION

Based on the foregoing analysis,

**IT IS** on this 4th day of May, 2015;

**ORDERED** that Defendant PNC Bank, N.A.'s Motion to Set Deadlines for Plaintiffs to Retain New Counsel, (ECF No. 179), is **DENIED AS MOOT**; and it is further

**ORDERED** that, on or before **May 25, 2015**, Plaintiffs (1) Jaquer Neto; (2) Kenneth Sanders, (3) Shailendra Sharma; (4) Anita Sharma; (5) Katrina Smith; (6) Dorian King and (7)

---

[5] The same analysis applies with regard to Plaintiffs (1) Linda Williams; (2) Kelvin Williams; (3) Sewnarain Kallica; (4) Delvin Sweeney; (5) John Brown; (6) Patricia Cunningham; (7) George Cunningham; and (8) Mark Wilkerson, who did not attend the March 27, 2015 conference, but whom the Court is now Ordering to provide this necessary information.

Jonathan Estoque[6] shall submit letters to the Court (a) confirming whether they wish to proceed with this litigation; (b) providing their current mailing addresses; and (c) naming the bank(s) that they are suing in this case; and it is further

**RECOMMENDED** that, if Plaintiffs (1) Jaquer Neto; (2) Kenneth Sanders, (3) Shailendra Sharma; (4) Anita Sharma; (5) Katrina Smith; (6) Dorian King and/or (7) Jonathan Estoque fail to timely provide such information, the District Court dismiss any such delinquent Plaintiff's claims, without prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and as a sanction for their failure to comply with Local Civil Rule 10.1(a); and it is further

**ORDERED** that, on or before **May 25, 2015**, Plaintiffs (1) Thomas Barry; (2) Maureen Barry; (3) Frances Della Monica; (4) Chris Jones; (5) Yolanda Jones; (6) Benny Joseph; (7) Karma Tharchin; and (8) Karen Williams, who attended the March 27, 2015 conference in this matter but failed to comply with the directives that this Court issued at that conference, shall submit letters to the Court naming the bank(s) that they are suing in this case; and it is further

**RECOMMENDED** that, if Plaintiffs (1) Thomas Barry; (2) Maureen Barry; (3) Frances Della Monica; (4) Chris Jones; (5) Yolanda Jones; (6) Benny Joseph; (7) Karma Tharchin; and/or (8) Karen Williams fail to timely provide such information, the District Court dismiss any such delinquent Plaintiff's claims, without prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b); and it is further

**ORDERED** that, on or before **May 25, 2015** Plaintiffs (1) Linda Williams; (2) Kelvin Williams; (3) Sewnarain Kallica; (4) Delvin Sweeney; (5) John Brown; (6) Patricia Cunningham;

---

[6] As noted above, the Court will attempt to provide these Plaintiffs with copies of this Order/Report and Recommendations using the e-mail addresses supplied by Plaintiffs' former local counsel of record.

(7) George Cunningham; and (8) Mark Wilkerson, who did not attend the March 27, 2015 conference but did contact Chambers regarding their nonattendance, shall submit letters to the Court (a) confirming whether they wish to proceed with this litigation and, if so (b) naming the bank(s) that they are suing in this case; and it is further

**RECOMMENDED** that, if Plaintiffs (1) Linda Williams; (2) Kelvin Williams; (3) Sewnarain Kallica; (4) Delvin Sweeney; (5) John Brown; (6) Patricia Cunningham; (7) George Cunningham; and/or (8) Mark Wilkerson fail to timely provide such information, the District Court dismiss any such delinquent Plaintiff's claims, without prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b); and it is further

**RECOMMENDED** that the District Court dismiss, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b), the claims of the following Plaintiffs, who are presumed to have received the Court's February 17, 2015 Letter Order, but who neither attended the March 27, 2015 conference nor provided the Court with a reasonable explanation for their absence:  (1) Carlos Peralta; (2) Zaheer Ali; (3) John Anthony; (4) Kenneth Assirbaad; (5) Kathlyn Bartholomew; (6) Benoit Beaufils; (7) Ross Gibson; (8) Timothy Berry; (9) Michelle Berry; (10) Frank Brucato; (11) Gina Brucato; (12) Bernadette Bullock; (13) Jordan Burslem; (14) John Chrapowitzky; (15) Calin Cilianu; (16) Janice Cooper; (17) Ronald Cooper; (18) Manuel DeHayes; (19) Craig Dove El; (20) Loretta Farino; (21) James Foti; (22) Jessica Foti; (23) Lisa Goodlein; (24) Chad Goodlein; (25) Daniel Greer; (26) Ramona Hanson; (27) Walter Hanson; (28) Muntaz Hosein; (29) Carolina Howard; (30) Marie Innocent; (31) Jemmie Jemison; (32) Tyrone Kahooilihala; (33) Cecilia Kahooilihala; (34) Larry Kaplan; (35) Deborah Keahn; (36) Anna Kula; (37) Lulaj Xhevat; (38) Joetta Mac Miller; (39) Lucila Martinez; (40) Fernando Martinez; (41) Deborah Mason; (42) Bill McCombs; (43) Dean Medina; (44) Rick Meyer; (45) John Louis; (46) Paula Moffa; (47) Daniel

13

Murphy; (48) Tracey Murphy; (49) Kevin Murphy; (50) Gunesh Murphy; (51) Thomas Paullin;

(52) Debra Paullin; (53) Michael Powell; (54) Kimberly Sachs; (55) Ehab Shalaby; (56) John

Stephenson; (57) James Taylor; and (58) Mitchell Yeoman.[7]

s/ Joseph A. Dickson
**JOSEPH A. DICKSON, U.S.M.J.**

cc.     Hon Madeline Cox Arleo, U.S.D.J.

---

[7] With the exception of Plaintiffs Jaquer Neto; Kenneth Sanders, Shailendra Sharma; Anita Sharma; Katrina Smith; Dorian King and Jonathan Estoque, whom the Court will attempt to contact by e-mail, the Court will mail copies of this Order / Report and Recommendation to all Plaintiffs at their last-known addresses.