UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

June 26, 2015

<u>VIA ECF</u>
All Counsel of Record

**LETTER OPINION & ORDER**

  Re: <u>Peralta, et al. v. AMRO Mortgage Group, Inc., et al.</u>
     <u>Civil Action No. 13-5607</u>

Dear Counsel:

  Before the Court is the Report and Recommendation ("R & R") of the Honorable Joseph A. Dickson, U.S.M.J. (the "Magistrate Judge"), that certain of the Plaintiffs' claims be dismissed for lack of prosecution [Dkt. No. 216]. For the reasons set forth below, the Court will adopt that part of the R & R recommending dismissal with prejudice of those claims asserted by plaintiffs who advised the Court that they no longer wished to pursue their claims. The Court will also dismiss all other claims without prejudice and provide any plaintiff leave to file an individual complaint by **July 30, 2015**, either pro se or through newly-retained counsel.

  The procedural history of this case is set forth in the R & R. In short, this action was filed by the Resolution Law Group, a Florida law firm, on behalf of ninety-three plaintiffs, alleging fraud in connection with the origination and servicing of loans. Jeanne Lahiff, a New Jersey attorney, appeared as local counsel. Soon after, Defendants filed a motion to dismiss [Dkt. No. 87]. The Middle District of Florida subsequently entered an uncontested order which effectively enjoined the Resolution Law Group from operating as a law firm and appointed a Receiver [Dkt. No. 173-1]. The order was apparently prompted by an action filed in that district by the Florida Attorney General claiming that lawyers at the Resolution Law Group had engaged in fraud and deceptive business practices by, among other things, falsely promising clients loan modifications or other forms of foreclosure relief, and charging an up-front fee of $6,000 and a $500 maintenance fee.

  In light of this, the Magistrate Judge ordered Ms. Lahiff to provide contact information and last known addresses for each Plaintiff in the case and scheduled a status conference for March 27, 2015. The Court tried to notify all Plaintiffs of the conference using the list provided by Ms.

Lahiff, but the list was apparently inaccurate. As the R & R recites, only thirteen plaintiffs appeared (without new counsel); a handful wrote to the Court explaining why they couldn't attend; six advised that they no longer wished to prosecute their claims; and some letter orders were returned as undeliverable. (The Magistrate Judge then tried to reach them at email addresses). At and following the hearing, the Magistrate Judge also ordered the Plaintiffs to provide "notice of which banks they are suing in this lawsuit," since the initial complaint [Dkt. No. 6-1] was a hodgepodge of claims and entities, many of whom had no connection to some plaintiffs. This was part of the basis for the previously filed and terminated motion to dismiss. Following the issuance of the R & R, four plaintiffs advised the court of their intent to proceed, and some mentioned the banks that they wished to pursue [Dkt. Nos. 218-22].

Under the circumstances, the Court is satisfied that the fairest and most efficient way to proceed for those plaintiffs who wish to pursue their claims is to dismiss the present complaint without prejudice in its entirety, with leave granted to each plaintiff to file separate new complaints by **July 30, 2015**. Each individual new complaint shall specify the claims asserted and the defendants involved. **Thus, any plaintiff wishing to pursue his or her claims must file a new complaint or may be barred from later doing so.** Each new complaint shall be filed with the Clerk's office under this docket number. After the new complaints are filed, the Court will consider severing each complaint so that it may proceed separately. See Fed. R. Civ. P. 21. To the extent that the R & R recommends dismissal of claims by those plaintiffs who have submitted letters requesting to no longer pursue their claims, the R & R is adopted, and those claims are dismissed with prejudice.

                                                               **SO ORDERED**.

                                                          *s/ Madeline Cox Arleo*
                                                          **HON. MADELINE COX ARLEO**
                                                          UNITED STATES DISTRICT JUDGE